IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL BUSTAMANTE, JR., <br> BOP NO. 59165-177 <br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Case No. 3:24-cv-01045-X <br> Criminal Case No. 3:19-cr-00463-X-1 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Manuel Bustamante, Jr. ("Movant")'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), filed on April 29, 2024. Cv. ECF No. 1.[1] After careful consideration and based on the relevant filings and applicable law, the Court finds the Motion should be **DENIED**.

**I.   BACKGROUND**

Movant was indicted for conspiracy to possess with intent to distribute at least one kilogram of a mixture or substance containing heroin and possession with intent to distribute a controlled substance. Cr. ECF No. 12. Pursuant to a plea agreement, Movant pleaded guilty to the second count and the Government agreed to dismiss the first count. Cr. ECF No. 31. Movant avoided count one's sentence exposure of ten years to life with counsel's negotiation of a favorable plea. Cr. ECF No. 31. Movant was sentenced to 151 months imprisonment on May 3, 2023, the lowest provided in the guidelines. Cr. ECF No. 61 at 2.

---

[1] All "Cr. ECF No.___." citations refer to the related criminal case, *United States v. Manuel Bustamante, Jr.*, 3:19-cr-00463-X-1, and all "Cv. ECF No.___" citations refer to this § 2255 case.

Movant brings two grounds for relief under § 2255. He first claims the Court miscalculated the advisory guideline range by applying the career offender enhancement pursuant to the United States Sentencing Guidelines. Cv. ECF No. 1 at 4. Movant also claims ineffective assistance of counsel. Cv. ECF No. 1 at 3-5. The Government filed its response on August 16, 2024 and Movant did not reply. Cv. ECF No. 12.

## II.    LEGAL STANDARD

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III.    DISCUSSION

A. <u>Career Offender Enhancement</u>

Movant challenges the career offender enhancement. Cv. ECF No. 1 at 4. He asserts, because "[t]his is [his] first time in prison[, he] shouldn't be labeled as a hard core criminal due to offenses committed [during his] reckless young minded age." *Id.* With the assistance of retained counsel, Movant pleaded guilty to the indictment's second count and voluntarily waived his right to collaterally attack his judgment under § 2255. Cr. ECF No. 31. The PSR recommended a career offender enhancement and his counsel twice objected. Cr. ECF Nos. 40-1; 45, 46-1, 52, 54-1;

2

U.S.S.G § 4B1.1.  Counsel also filed a sentencing memorandum seeking a downward variance. Cr. ECF No. 56.  At sentencing, the court overruled the career-offender objection based on Fifth Circuit precedent and sentenced Movant to 151 months, at the bottom of the 151-188 guidelines range.  *See Sentencing Tr.,* Cr. ECF No. 68 at 19 ("The Supreme Court may well come out differently and overrule *Adair* and the other Fifth Circuit cases that are applying the *Adair* principle, but I'm powerless to change their mind. So I will overrule that objection, but you certainly have preserved [the career offender enhancement] for appeal.").

Movant filed a *pro se* notice of appeal but his appeal was dismissed for failure to prosecute. Fifth Circuit noticed he (1) retain an appellate attorney, (2) file a motion for appointment of counsel with a CJA 23 financial affidavit, or (3) clearly and unequivocally expresses his intent to proceed *pro se*.  Cr. ECF No. 65.  The Fifth Circuit sent Movant two letters notifying him of the above requirements on May 25, 2023, and June 21, 2023.  *See* USCA Docket No. 23-10549.

Movant procedurally defaulted, waived, and otherwise failed to plead a merit-based claim challenging the Court's application of the career offender enhancement.  Relief under § 2255 is reserved for (1) errors of constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice.  *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).  "A career offender enhancement contention rais[ing] a challenge to the technical application of the sentencing guidelines [is] not cognizable in a §2255 motion."  *United States. v. Williamson*, 183 F.3d 458, 461 (5th Cir. 1999); *see also United States v. Vaughan*, 955 F.2d 367, 368 (5th Cir. 1992) (holding a challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a § 2255 proceeding).

Movant indisputably waived his right to collaterally attack his sentence under § 2255. He did not plead unknowing and involuntary waiver and, therefore, his waiver is deemed enforceable. *See United States v. Barnes*, 953, F.3d 383, 386 (5th Cir. 2020). Movant also procedurally defaulted his ability to challenge the career offender enhancement. A defendant procedurally defaults a claim when he fails to raise it on direct appeal unless he can "demonstrate either (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted." *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614 (1998)). While Movant could have challenged the enhancement on direct appeal, he did not comply with the Fifth Circuit's notice and his appeal was dismissed for lack of prosecution. Thus, his only recourse to challenge the enhancement is to satisfy the cause-and-actual prejudice exception or claim that he is actually innocent of the convicted crime. *Bousley*, 523 U.S. at 622. His Motion wholly fails to state either and he did not file a reply. Based on the foregoing, Movant's claim is denied.

B. <u>Ineffective Assistance of Counsel</u>

Movant's claim for ineffective assistance of counsel is likewise meritless. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Under *Strickland*, to successfully plead a claim of ineffective assistance of counsel, the movant must demonstrate (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) absent counsel's deficient performance, the legal proceedings may have been different. 466 U.S. at 687. Failure to establish either prong of *Strickland* requires a finding that counsel's performance was constitutionally

effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must plead:

> That there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Movant's claim that his "lawyer never helped" fails to meet *Strickland*'s stringent burden. Cv. ECF No. at 4. In support, Movant merely states:

> I never seen my discovery[,] I was placed in the hands of a person I didn't even know [and] my original lawyer killed himself . . . [My] lawyer didn't help, I didn't know how to get in contact with the court or file motions.

*Id.* These allegations are bare-boned—they do not amount to deficient representation. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claims); *United States v. Skinner*, No. CIV A 1:06 CV1091-DCB, 2009 WL 2030427, at *6 (S.D. Miss. July 14, 2009). While Movant states he never *viewed* discovery, he does not state his counsel *withheld* discovery from him or that such withholding was unreasonable. Further, he

fails to plead any resulting prejudice—that but for his counsel withholding discovery, he would not have pleaded guilty or would have requested a trial. To the same tune, Movant fails to elicit how his counsel failed to "help" him and any resulting prejudice from the lack thereof. Movant's Motion does not satisfy *Strickland* but merely touts *post hoc* assertions. Accordingly, the Court finds his claim for ineffective assistance of counsel is meritless.

### IV.   CONCLUSION

Based on the foregoing, Movant has failed to plead a cognizable claim challenging the court's application of the career offender enhancement and a claim for ineffective assistance of counsel. Accordingly, Movant's motion under § 2255 motion is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 17th day of December, 2024.

_____
Brantley Starr
UNITED STATES DISTRICT JUDGE